## PRENO et al. v. CONNELL ANTHRACITE MINING CO.

(District Court, M. D. Pennsylvania. November 7, 1922.)

### No. 1439.

Master and servant ⨂401—Allegations of negligence as to minor employé must show state Compensation Act does not apply.

In Pennsylvania, where by statute a male minor over 18 years of age may lawfully be employed, and with stated exceptions is presumed to be within the scope of the Workmen's Compensation Act 1915 (Pa. St. 1920, § 21916 et seq.), plaintiff, in an action at law for injury or death of a minor employé, must show by affirmative allegations that the employment was unlawful, or that for other reasons the compensation act does not apply; otherwise, the remedy thereunder is exclusive.

At Law. Action by Dominick Preno and others against the Connell Anthracite Mining Company. On affidavit raising questions of law regarding sufficiency of plaintiff's statement. Statement held insufficient, with leave to amend.

George W. Ellis, of Scranton, Pa., for plaintiffs.
R. S. Houck, of Scranton, Pa., for defendant.

WITMER, District Judge. Plaintiff's statement alleges that the defendant was the owner and operator of a certain coal mine, coal or culm bank, together with a conveyor line and necessary machinery for preparing, loading, and shipping coal; that defendant solicited and induced John Preno, the plaintiff's minor son, without plaintiff's knowledge or consent, to work on or about certain moving machinery known as a conveyor line, and that while so engaged in said employment he was caught in said conveyor line and killed, June 24, 1922. The usual allegations of negligence in cases of the kind follow—that defendant did not instruct or warn said minor son of the danger of said conveyor line, that said conveyor line was not properly guarded, and that defendant did not furnish said minor son with a safe place in which to work or with safe tools.

The affidavit suggests that the plaintiff's forum is not in this court by action at law, insisting that the case is within the provisions of the Pennsylvania Workmen's Compensation Law of 1915 (P. L. 736; Pa. St. 1920, § 21916 et seq.). Section 302 (a) of article 3 of the act (Pa. St. 1920, § 21985) provides that in every contract of hiring made after December 31, 1915, and in every contract of hiring renewed or extended by mutual consent, expressed or implied, it shall be conclusively presumed that the parties have accepted the provisions of article 3 of the act unless an express statement in writing of either party is given to the other that the provisions of article 3 of the act are not intended to apply, and unless a true copy of such statement accompanied by proof of service thereof upon the other party be filed with the bureau within 10 days and before any accident has occurred.

All employés are included in the scope of the Workmen's Compensation Law, except (1) casual laborers; (2) persons to whom materials are

given out for labor in the worker's own home, or in other premises not under the control or management of the employer; (3) domestic servants; and (4) agricultural workers. Article 1, § 104, Act June 2, 1915 (P. L. 736; Pa. St. 1920, § 21919); section 1, Act June 3, 1915 (P. L. 777; Pa. St. 1920, § 21920).

The employment of the deceased son of plaintiff apparently does not fall within the excepted class of employés, and must therefore be considered within the provisions of the act unless excepted for other reasons—by disability arising from being a minor while in the employ of defendant without the consent of the parent. Plaintiff's son's age is not stated; hence reference to him as a minor merely conveys the information that he was under the age of 21 years, and as such may have been eligible to employment. Though a minor, if not in violation of a statute, it seems he may nevertheless be legally employed, notwithstanding the common-law doctrine that a minor may not contract without the consent of parent. Section 1 of the Act of July 19, 1913 (P. L. 862; Pa. St. 1920, § 13274), expressly provides that male minors over the age of 18 years may be employed in any and all kinds of legal employment within the commonwealth. Recognizing that certain minors may be so legally employed, the workmen's compensation statute provides that in the event of employment of a minor it shall be presumed that article 3 is to apply, unless written notice to the contrary be given by the parent or guardian. The minor does not establish a status by contract, but the law places him into a class as an employé immediately upon finding legal employment from which he is not released but by the notice provided. In the absence of affirmative showing that the employment was illegal—in violation of the provisions of the Child Labor Law (Pa. St. 1920, §§ 13285–13308), or some other statute forbidding the employment of children under certain age or conditions—it will be presumed to have been legal, and that the parties accepted the provisions of the act providing compensation for injured employés.

Opportunity is afforded to so amend plaintiff's statement, clearly showing such illegal employment, if possible. If the plaintiff's statement is not so amended within 30 days, judgment will, on motion, be entered for the defendant.